UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIJAN SUBASIC,

      Petitioner,

v.

                                   Case No.:  2:26-cv-02063-SPC-NPM

GARRETT J. RIPA *et al.*,

      Respondents,

                                         /

## OPINION AND ORDER

Before the Court are Adrijan Subasic's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Subasic's reply.

Subasic is a native of Serbia and citizen of Montenegro who entered the United States on October 26, 2014, on a B2 visa.  He lives in Key West with his U.S. citizen wife, and he has no felony convictions, violent criminal history, or immigration violations.  Immigration and Customs Enforcement ("ICE") detained him in the fall of 2025—the record does not reflect the precise date. He filed a motion for a bond hearing with the immigration court on November 19, 2025.

On December 1, 2025, Immigration Judge Michael Walleisa denied Subasic's request for release on bond because Subasic "has not demonstrated that he is not a danger to the community or a risk of flight."  (Doc. 7-1 at 1). Subasic claims Judge Walleisa did not meaningfully consider the evidence he

submitted or the factors set out in *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006).  The government does not contest that characterization of the bond decision.  On February 9, 2026, Subasic filed a second bond motion with additional evidence.  Judge Walleisa denied release on bond again because Subasic "has not demonstrated changed circumstances." (Doc. 7-2 at 1).  On May 23, 2026, Judge Walleisa ordered Subasic removed to Montenegro. Subasic timely appealed, so the removal order is not administratively final.

In his habeas petition, Subasic claims his detention violates the Fifth Amendment.  He asks the Court to order the respondents to either release him or afford him an individualized bond hearing at which the government bears the burden of proof.  In response, the government argues that the Court lacks jurisdiction to consider Subasic's claims, and that the Board of Immigration Appeals ("BIA") is the proper venue.  The government points to a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to review an immigration judge's discretionary bond decisions:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).  § 1226(e) does not apply here because Subasic does not ask the Court to review the immigration judge's discretionary judgments or

decisions. Rather, he asserts a bona fide due process claim challenging the framework the government used to decide whether he should remain detained.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Subasic's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects.

*Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Subasic's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Subasic's detention now exceeds six months and could continue indefinitely raises constitutional concerns. But under the status quo, Subasic has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Subasic without presenting a justification. Remember:

4

Judge Walleisa put the burden of proof on Subasic in the first bond hearing and denied the second request because he found no material change in circumstances. At no point since Subasic's detention began in the fall of 2025 has ICE been required to show that either goal of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—outweighs Subasic's right to be free from physical restraint. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Subasic before an immigration judge for a third bond hearing within seven days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Subasic receives a bond hearing that complies with this Order within seven days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

5

**ORDERED**:

Adrijan Subasic's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Subasic for an individualized bond hearing before an immigration judge or (2) release Subasic under reasonable conditions of supervision.  If the respondents release Subasic, they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 2, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

6